Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 4, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant worked for the employer as a retail merchandising representative for nearly five years. Her duties entailed visiting various stores each day to, among other things, ensure that certain manufacturers’ products were properly stocked and displayed. Claimant was required to follow the itinerary displayed on a hand held computer regarding the store visits and to record when she entered and left each store. When claimant’s supervisor tracked claimant’s route and discovered *1164 that she was not accurately representing the amount of time that she spent in each store, claimant’s employment was terminated. Claimant applied for unemployment insurance benefits, but the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving them because her employment was terminated due to misconduct. Claimant appeals.
We affirm. Falsification of time records has been held to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (see Matter of Crawford [Commissioner of Labor], 84 AD3d 1670, 1670 [2011]; Matter of Garcia [Commissioner of Labor], 53 AD3d 1010, 1010 [2008]). Here, evidence was presented that claimant indicated on her computer that she was in a particular store performing her duties when she was admittedly not in the store, contrary to the employer’s policy. This constitutes substantial evidence supporting the Board’s finding that claimant engaged in disqualifying misconduct.
Peters, EJ., Rose, Spain, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.